**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**IN RE: REGIONS BANK ATM
FEE NOTICE LITIGATION**           **CIVIL ACTION NO. 2:11-MD-2202-KS-MTP**

**Member Cases:**
    **2:11-CV-1000-KS-MTP**
    **2:11-CV-1001-KS-MTP**
    **2:11-CV-1002-KS-MTP**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court denies Defendant's Motion to Dismiss [6] for lack of subject matter jurisdiction.

**I. BACKGROUND**

This is a class action by users of automatic teller machines ("ATM's") operated by Regions Bank. Plaintiffs allege that there were no fee-disclosure notices posted on the exterior of the machines as required by the Electronic Funds Transfer Act ("EFTA")[1] and the regulations promulgated thereunder.[2] It is undisputed that Plaintiffs knew about the ATM fees before completing their transactions. Plaintiffs received an on-screen notice which informed them of the existence and amount of the ATM fee, and Plaintiffs then agreed to pay the fee by selecting the appropriate on-screen prompt.

Defendant filed a Motion to Dismiss [6] for lack of subject matter jurisdiction, arguing that Plaintiffs do not have standing to pursue this matter. Defendants contend that Plaintiffs have not

---

[1] 15 U.S.C. § 1693, et seq.

[2] 12 C.F.R. § 205.1, et seq.

1

been injured or that they were the cause of their own purported injuries. The question before the Court, therefore, is whether a party who knowingly and affirmatively agrees to pay an ATM fee has standing to pursue statutory damages for the financial institution's failure to comply with the EFTA's notice requirements or, phrased differently, whether a party with no actual damages has standing to pursue statutory damages under the EFTA. The Court concludes that Plaintiffs have standing to pursue statutory damages, as they have alleged sufficient facts to show a concrete, particularized injury: the violation of their statutory right to the particular form of notice required by the EFTA and its implementing regulations.

## II. DISCUSSION

Motions to dismiss for lack of constitutional standing are reviewed pursuant to Rule 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n. 2 (5th Cir. 2011). The Court "may find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Wolcott v. Sebelius*, 635 F.3d 757, 762-63 (5th Cir. 2011) (punctuation omitted). "The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss." *Id.* at 762.

### A.     *Standing Principles*

Article III of the United States Constitution limits this Court's jurisdiction to "Cases" and "Controversies." U.S. CONST. art. III, § 2, cl. 2. "The doctrine of standing is one of several doctrines that reflect this fundamental limitation." *Summers v. Earth Island Inst.*, 555 U.S. 488, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009). The United States Supreme Court has described the following requirements as the "irreducible constitutional minimum" of standing:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (citations and punctuation omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561, 112 S. Ct. 2130. He must demonstrate that he has standing to sue at the time the complaint is filed. *Pluet v. Frazier*, 355 F.3d 381, 385 (5th Cir. 2004). Before the Court addresses Defendant's arguments, it must provide a brief overview of the pertinent statutes and regulations.

### B.     *Notice Requirements*

The purpose of the EFTA is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b). Congress's "primary objective" – as explicitly stated in the act – was "the provision of individual consumer rights." *Id.* Congress authorized the Board of Governors of the Federal Reserve System (the "Board")[3] to prescribe rules to carry out that objective, and Congress instructed the Board to address "the disclosures, protections, responsibilities, and remedies created by" the EFTA when a consumer uses a debit card at an ATM owned by a party other than the institution which holds the consumer's account. 15 U.S.C. § 1693b(a)(2)(B), (d)(1).

Specifically, Congress required the Bureau to promulgate regulations which required "any

---

[3]*See* 15 U.S.C. § 1693a(3).

automated teller machine operator who imposes a fee on any consumer for providing host transfer services" to provide notice of "the fact that a fee is imposed," and "the amount of any such fee." 15 U.S.C. § 1693b(d)(3)(A). Congress specified that the notice "shall be posted in a prominent and conspicuous location on or at the automated teller machine," and that it "shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction . . . ." 15 U.S.C. § 1693b(d)(3)(B). An ATM operator is not permitted to charge a fee for an electronic fund transfer unless the consumer receives the notice outlined above and then "elects to continue in the manner necessary to effect the transaction after receiving such notice." 15 U.S.C. § 1693b(d)(3)(C).

Therefore, in keeping with Congress's mandate, the Board issued regulations which mirror the requirements laid out in the EFTA. The Board's "primary objective" was protecting "individual consumers engaging in electronic fund transfers." 12 C.F.R. § 205.1(b). Any financial institution which charges a fee for an electronic fund transfer or balance inquiry must "[p]rovide notice that a fee will be imposed" and "[d]isclose the amount of the fee." 12 C.F.R. § 205.16(b). First, the financial institution must post notice "in a prominent and conspicuous location on or at the automated teller machine" that a fee will or may be imposed. 12 C.F.R. § 205.16(c)(1). Second, the financial institution must provide notice "either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee." 12 C.F.R. § 205.16(c)(2). A financial institution may not "impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry" unless it provides the notice outlined above and the "consumer elects to continue the transaction or inquiry after receiving such notices." 12 C.F.R. § 205.16(e).

4

If a financial institution fails to comply with the above requirements with respect to any consumer, it is liable to the consumer in an amount equal to the sum of the consumer's actual damages caused by the failure, an amount of statutory damages, the costs of the action to enforce the liability, and reasonable attorney's fees. 15 U.S.C. § 1693m(a). In cases brought by an individual consumer the statutory damages shall be "an amount not less than $100 nor greater than $1,000." 15 U.S.C. § 1693m(a)(2)(A). In class actions, there shall be no minimum statutory damages for individual class members, and the total statutory damages "arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant . . . ." 15 U.S.C. § 1693m(a)(2)(B).

### C. Defendant's Arguments

Defendant argues that Plaintiffs lack Article III standing because they did not suffer a concrete and particularized injury-in-fact. The Court disagrees. Plaintiffs' alleged injury is the violation of their right to the particular form of notice required by the EFTA and its implementing regulations. The EFTA expressly provides that its primary objective is the "provision of individual consumer rights." 15 U.S.C. § 1693(b); *see also Riviello v. Tobyhanna Army Depot Fed. Credit Union*, No. 3:11-CV-59, 2011 U.S. Dist. LEXIS 86698, at *5 (M.D. Penn. Aug. 5, 2011). Among those rights is the right to receive notice of ATM fees by way of both a physical notice on the exterior of the machine and a notice on either the ATM screen or a slip of paper before the transaction is completed. 15 U.S.C. § 1693b(d)(3)(B). The Board promulgated regulations to this effect. 12 C.F.R. § 205.16. Plaintiffs allege that they did not receive notice by means of a sign affixed to the exterior of the machine – notice to which they were statutorily entitled. That is an injury. *Cf. Perrone v. GM Acceptance* Corp., 232 F.3d 433, 436 (5th Cir. 2000) (TILA's statutory

damages are reserved for cases in which the damages caused by a violation are small or difficult to ascertain); *Wood v. Flatau*, 643 F.2d 188, 192-93 (5th Cir. 1980) (TILA statutory damages are remedial, compensating the consumer for actual damages which are difficult to ascertain).[4]

Furthermore, Congress provided that any financial institution which fails to comply with these notice requirements shall be liable for the consumer's actual damages and an amount of statutory damages to be determined by the Court. 15 U.S.C. § 1693m(a). Defendant essentially argues that no consumer may recover statutory damages unless they suffered actual damages. The language of the EFTA's civil liability provision makes clear that this was not Congress's intent. The statute provides that a consumer may recover "*any* actual damage" caused by a financial insitution's failure to comply with the EFTA, plus statutory damages, costs, and fees. 15 U.S.C. § 1693m(a)(1)-(3) (emphasis added). Congress's use of the word "any" implies the consideration of situations where a consumer will not have actual damages, yet nonetheless pursue an action for statutory damages.[5]

---

[4]Other courts have borrowed from cases pertaining to the Truth in Lending Act ("TILA") to interpret provisions of the EFTA. *See Clemmer v. Key Bank Nat'l Ass'n*, 539 F.3d 349, 353 (6th Cir. 2008); *Johnson v. W. Suburban Bank*, 225 F.3d 366, 379 (3rd Cir. 2000); *Voeks v. Pilot Travel Ctrs.*, 560 F. Supp. 2d 718, 723 (E.D. Wis. 2008); *Brown v. Bank of Am.*, 457 F. Supp. 2d 82, 90 (D. Mass. 2006). This Court shall do the same.

[5]Indeed, in *Bisbey v. D.C. Nat'l Bank*, 793 F.2d 315, 317-19 (D.C. Cir. 1986), the court held that a bank was liable for statutory damages and attorney's fees under the EFTA because it failed to provide a consumer with written notice of its findings regarding a possible mistaken fund transfer. The plaintiff had insufficient funds to cover a fund request for her insurance premiums. *Id.* at 318. Although the plaintiff had no overdraft agreement, the bank resubmitted the fund requests the following month, when the plaintiff had sufficient funds. *Id.* The bank did not charge an overdraft fee. *Id.* When the plaintiff inquired about the fund requests, mistakenly believing that she had been charged twice, the bank explained the situation verbally, but it did not provide a written report as required by statute. *Id.* Although the plaintiff was not harmed – and, in fact, benefitted from the bank's decision to submit the request at a later date and not charge an overdraft fee – the court held that the bank was nonetheless liable for nominal

Finally, Defendant argues that Plaintiffs do not have standing to pursue this matter because they can not establish that their purported injury was caused by Defendant's alleged failure to post notice on the exterior of the ATM's. Defendant contends that Plaintiffs caused their own injury by agreeing to pay the fee. Defendant characterizes the transaction as a contract in which Plaintiffs knowingly agreed to pay a fee in exchange for Defendant providing electronic fund transfer services. The Fifth Circuit, however, has warned against attempting to transform a "statute-based claim into one founded on contract." *Perrone*, 232 F.3d at 438-39. "The statute is not a remedy for breach of contract." *Id.* at 438. Rather, the statute provides a "civil penalty" for the violation of a consumer's statutory right to a particular form of notice of ATM fees. That Congress included two forms of damages – actual and statutory – is clear evidence that Congress intended to create a statutory right and a mechanism to redress violations thereof. Regardless of whether Plaintiffs were aware of the ATM fee, they were entitled to notice of the fee *in the form prescribed by Congress and the Board*. Congress created a statutory right to a particular form of notice, and Plaintiffs allege that Defendant did not provide it. That is a concrete, particular injury.[6]

---

damages and reasonable attorney's fees. *Id.* at 319-19.

Similarly, in *Berenson v. Nat'l Fin. Servs., LLC*, 403 F. Supp. 2d 133, 136 (D. Mass. 2005), the plaintiffs alleged that the defendant violated the EFTA by failing to provide a written response to a letter concerning a potentially erroneous fund transfer. The court held that the defendant was required by the EFTA's error resolution requirements to respond in writing within a specific time period. *Id.* at 146. As it did not, the plaintiffs were entitled to a "symbolic statutory award." *Id.*

Finally, in *Stearns v. Ticketmaster Corp.*, 2011 U.S. App. LEXIS 17454, at *32 (9th Cir. Aug. 22, 2011), the court held that a plaintiff who could not show a causal connection between an EFTA violation and his claimed actual damages could nonetheless recover statutory damages.

[6]Defendant contends that Congress can not legislate Article III standing. However, Defendant does not dispute that Congress may create statutory rights. Defendant's argument focuses on the imposition of a fee as the injury, whereas the pertinent injury is the lack of notice as prescribed by the EFTA and its implementing regulations.

### III. CONCLUSION

For the reasons stated above, the Court denies Defendant's Motion to Dismiss [6] for lack of subject matter jurisdiction. Congress granted consumers statutory rights to particular forms of notice of ATM fees. Plaintiffs allege that Defendant failed to provide that notice. Regardless of whether Plaintiffs knowingly agreed to pay the fees, they did not receive the notice to which they were entitled under the EFTA. That constitutes an injury, and Plaintiffs have standing to seek statutory damages.[7]

SO ORDERED AND ADJUDGED this 12th day of September, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[7]The Court also notes that at least one court in this Circuit has held that a plaintiff who brought an EFTA claim for a financial institution's failure to provide physical notice on the exterior of an ATM had standing to sue for the EFTA notice violation. *Mabary v. Hometown Bank, N.A.*, No. 4:10-CV-3936, 2011 U.S. Dist. LEXIS 69259, at *40 (S.D. Tex. June 27, 2011). However, the Court does not base its decision on the *Mabary* opinion. First, it does not address the particular arguments raised by the present Defendant. Second, the it is unclear as to whether that plaintiff admitted knowledge of the fee, as the present Plaintiff has done.